**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RITA WESTERHEIDE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HARTFORD LIFE INSURANCE CO., ) <br> CANNON DESIGN, INC., and ) <br> GROUP SHORT TERM DISABILITY, ) <br> LONG TERM DISABILITY, BASIC ) <br> TERM LIFE, SUPPLEMENTAL ) <br> DEPENDENT LIFE, SUPPLEMENTAL ) <br> TERM LIFE, BASIC ACCIDENTAL ) <br> DEATH AND DISMEMBERMENT ) <br> PLAN FOR EMPLOYEES OF CANNON ) <br> DESIGN, INC., ) <br> ) <br> Defendants. ) | Case No. 10-cv-471-MJR-PMF |

## **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Before the Court is Defendants' Motion to Dismiss and Motion to Strike (Doc. 16) and memorandum in support (Doc. 17), to which Plaintiff has filed a memorandum in opposition (Doc. 18).

Plaintiff Rita Westerheide brings suit pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and 29 U.S.C. § 1132(a)(1)(B), against her former employer, Cannon Design, Inc. ("Cannon"), the Group Short Term Disability, Long Term Disability, Basic Term Life, Supplemental Dependent Life, Supplemental Term Life, Basic Accidental Death and Dismemberment Plan for Employees of Cannon Design, Inc. ("the plan"), and Hartford Life Insurance Company ("Hartford"), the administrator of the plan. In August 2008,

1

Plaintiff Westerheide applied for and received long term disability benefits under the long term disability plan, but in May 2009, the defendants advised Westerheide was advised that her benefits were terminated, based on new information obtained from one of Westerheide's treating physicians. Westerheide's administrative appeal was unsuccessful.

The First Amended Complaint (Doc. 11) asserts three claims, each against all three of the defendants: (I) seeking payment of long term disability benefits past due and for a declaration of his right to future benefits under the terms of the plan, pursuant to 29 U.S.C. § 1132(a)(1)(B); (II) alleging a violation of the plan's claims procedures by way of a violation of the privacy protections of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), warranting equitable relief pursuant to 29 U.S.C. § 1132(a)(3)(B), including application of the *de novo* standard of review; and (III) seeking attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to: (1) dismiss all claims against Cannon; (2) dismiss Count II as to Hartford and the plan; and (3) strike portions of the Amended Complaint: (a) seeking an award of future benefits (¶¶ 10, 11, 14(c), 15, 20 and the prayer for relief in Count I); and (b) allegations of "bad faith" (¶ 22). Each issue will be addressed in turn.

## I. Analysis

### A. Federal Rule of Civil Procedure 12(b)(6)

Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *EEOC v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007)**.** In making this assessment, the Court accepts as true all well-pleaded factual

allegations and draws all reasonable inferences in the plaintiff's favor. *Tricontinental Industries, Inc., Ltd. v. Price Waterhouse Coopers, LLP,* 475 F.3d 824, 833 (7th Cir. 2007); *Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006).

Federal Rule of Civil Procedure 8 only requires a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555-556 (citations and parenthetical information omitted). A plausible theory of liability must be pleaded. *Sheridan v. Marathon Petroleum Co., LLC,* 530 F.3d 590, 596 (7th Cir. 2008); s*ee also Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803-804 (7th Cir. 2008).

**1. Defendant Cannon Design, Inc.**

"The proper defendant in a suit for benefits under an ERISA plan is . . . normally the plan itself, see ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); *Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan,* 378 F.3d 669, 674 (7th Cir. 2004), rather than the plan administrator, because the plan is the obligor." *Feinberg v. RM Acquisition, LLC,* 629 F.3d 671, 673 (7th Cir. 2011). The same can be said for a claim for equitable relief under ERISA Section 502(a)(3). *Peabody v. Davis*, 636 F.3d 368, 379-380 (7th Cir. 2011)[1]. "But when the lines between the plan,

---

[1] ERISA Section 502(a)(3) allows for the recovery of "other appropriate equitable relief," including potentially recovery from non-fiduciaries, *see Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.,* 530 U.S. 238, 246–249 (2000), but only to the extent that such relief is not otherwise available under ERISA. S*ee Varity Corp. v. Howe,* 516 U.S. 489, 515 (1996);

3

the plan administrator, and the plan sponsor are indistinct or contested, the plaintiff's designation of the "wrong" defendant can be forgiven provided the 'right' defendant is not misled." *Feinberg,* 629 F.3d at 673 (internal citations omitted). Defendants argue that the exception to the general rule that the plan is the proper defendant is inapplicable with respect to Cannon, Plaintiff Westerheide's former employer and the sponsor of the plan. Westerheide counters that Defendants have not met their burden of establishing that the exception is inapplicable.

Keeping in mind that *Bell Atlantic Corp. v. Twombly* and Rule 12(b)(6) require that the complaint set forth a plausible claim, not mere speculation, the Court finds that the Amended Complaint does not state a viable claim against Cannon. More specifically, there is nothing to suggest that the exception to the rule that the plan is the proper defendant could even be applicable to Cannon. For example, the Amended Complaint explains that Hartford is the administrator of the plan, while Cannon is only described as Westerheide's employer and, obviously, the sponsor of the benefits plan (*see* Doc. 11 ¶¶ 3-5). Reference to "all defendants" informing Plaintiff that her long term disability benefits had been denied (Doc. 11 ¶ 7), and to "the defendants" denying Westerheide's appeal by letter" are insufficient to raise more than a faint inference that Cannon is intertwined with plan administration. In such a situation, dismissal of Cannon as a defendant is warranted, so Defendants' motion to dismiss is granted in that respect. *See Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 523 (6th Cir. 2010) (plaintiff failed to sufficiently plead insurance company as ERISA fiduciary; no allegation that insurance company was administrator of the plan).

---

*Peabody v. Davis*, 636 F.3d 368, 373 (7th Cir. 2011).

4

## 2. Count II

Count II is premised upon 29 U.S.C. § 1132(a)(3)(B) and is captioned "Violation of Claims Procedure." Defendants interpret Count II as alleging a HIPAA violation, based on allegations that Defendants used information improperly and beyond the scope of their authorization. Defendants argue that, although some HIPAA provisions were incorporated into ERISA, the privacy provisions were not; therefore, there is no private right of action under ERISA for such a violation. Plaintiff Westerheide emphasizes that Count II alleges a procedural violation of ERISA, as prescribed by 29 C.F.R. § 2560.503-1(l), which states:

> In the case of the failure of a plan to establish or **follow claims procedures consistent with the requirements of this section**, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and **shall be entitled to pursue any available remedies under section 502(a) of the Act** on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 CFR § 2560.503-1(l) (emphasis added). (ERISA Section 502(a) is also known as 29 U.S.C. § 1132(a)(3).)

Plaintiff Westerheide does not dispute that HIPAA itself does not provide a private right of action for violations of its privacy provisions. *See Acara v. Banks*, 470 F.3d 569, 571-572 (5th Cir. 2006). Rather, Westerheide correctly observes that Count II does not assert a stand-alone HIPAA claim. Westerheide is seeking remedy for an ERISA procedural violation. Nevertheless, like Defendants, the Court's review of ERISA does not reveal that those portions of HIPAA incorporated into ERISA (29 U.S.C. §§ 1181-1183, 1191-1191c) include the HIPAA privacy alluded to in Count II provision (45 C.F.R. § 164.512) . However, at this juncture, the terms of the plan are unknown and may incorporate the HIPAA privacy provision.

In the alternative, Defendants contend that the relief sought– application of the *de novo* standard of review– is unavailable and "absurd." Citing *Neal v. Christopher & Banks Comprehensive Major Medical Plan*, 651 F.Supp.2d 890 (E.D.Wis. 2009), and *Reeves v. Unum Life Insurance Company of America*, 376 F.Supp.2d 1285 (W.D.Okla. 2005), Plaintiff counters that the interplay of 29 C.F.R. § 2560.503-1(l) and ERISA Section 502(a)/29 U.S.C. § 1132(a)(3)(B) has been recognized as giving the Court the ability to impose the *de novo* standard of review as an equitable remedy for the ERISA procedural violation, i.e. the HIPAA violation.

> The prayer for relief in Count II is:
>
> to set the standard for this case . . . as being that of "de novo" review, or other equitable relief as has been allowed by law including allowing all of the benefits be made, and costs reimbursed together with any other orders just in the premises just in the premises including their [sic] costs herein expended.

Doc. 11 ¶ 20.

Section 1132(a)(3)(B) enumerates two forms of equitable relief: "(i) to redress such violation or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3)(B). Only "typical equitable relief" is available, meaning declaratory or injunctive relief. *Peabody v. Davis*, 636 F.3d 368, 379-380 (7th Cir. 2011) (citing *Wal–Mart Stores, Inc. Associates' Health & Welfare Plan v. Wells,* 213 F.3d 398, 401 (7th Cir. 2000); *Novak v. Andersen Corp.,* 962 F.2d 757, 760 (8th Cir. 1992)). Unlike the District Court in *Neal v. Christopher & Banks Comprehensive Major Medical Plan*, 651 F.Supp.2d 890, 905 (E.D.Wis. 2009), cited by Westerheide, this Court does not perceive that the Court of Appeals for the Seventh Circuit would alter the standard of review, *even if* there were a flagrant failure to provide mandated procedures. *Even* when an administrator has a conflict of interest; "the standard of review remains the same, but

the conflict of interest is 'weighed as a factor in determining whether there is an abuse of discretion.'" *Jenkins v. Price Waterhouse Long Term Disability Plan*, 564 F.3d 856, 861 (7th Cir. 2009) (quoting *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105, 115-116 (2008)). Like the District Court in *Dotson v. Arkema, Inc.*, 2009 WL 1521444 (E.D.Mich. 2009), this Court reads 29 C.F.R. § 2560.503-1(l) as merely not requiring exhaustion of administrative remedies when there has been a procedural violation. Therefore, Westerheide's prayer for relief must be pared down to merely "typical equitable relief"–declaratory or injunctive relief– but Count II shall otherwise proceed.

**B. Federal Rule of Civil Procedure 12(f)**

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are strongly disfavored and are rarely granted. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir.1989); *see also Western Publishing Co. v. MindGames, Inc.,* 944 F.Supp. 754, 755 n. 1 (E.D.Wis.1996) ("Motions to strike are generally disfavored and information ... will not be stricken unless it is evident that it has no bearing upon the subject matter of the litigation."). As Chief Judge Easterbrook noted in *Redwood v. Dobson* 476 F.3d 462 (7th Cir. 2007), "Motions to strike disserve the interest of judicial economy. The aggravation comes at an unacceptable cost in judicial time." 476 F.3d at 471.

**1. Future Benefits**

Defendants move to strike references to future benefits, which are not obtainable under 29 U.S.C. 1132(a)(1)(B), or 1132(a)(3)(B). Defendants observe that, by its very terms, Section 1132(a)(1)(B) limits recovery to "benefits due" under the terms of the plan, and to enforcement of

7

rights under the terms of the plan, or to clarification of rights to future benefits under the terms of the plan. And, only equitable relief is available under Section 1132(a)(3)(B). *Peabody v. Davis*, 636 F.3d 368, 379-380 (7th Cir. 2011). Plaintiff Westerheide focuses on the fact that Section 1132(a)(1)(B) does permit a civil action for clarification of rights to future benefits, intimating that that is all that she is seeking. It appears that the parties are "talking past themselves."

A review of the questioned portions of the Amended Complaint (Doc. 11 ¶¶ 10, 11, 14(c), 15, 20 and the prayer for relief in Count I) reveals that, despite multiple inartful references and allusions to "future benefits," the prayers for relief in Counts I and II do *not* actually request anything more than declaratory relief. Therefore, Defendants' motion to strike is denied with respect to references to "future benefits."

### 2. Allegations of "Bad Faith"

Defendants move to strike the portion of Count III– the claim for attorneys' fees– that states: "Defendants' actions constitute bad faith in that there was no basis upon which Defendants could or should deny said long term benefits under said policy to Plaintiff. . . " (Doc. 11 ¶ 22). Defendants object that Westerheide is unnecessarily interjecting a state law claim that is preempted by ERISA. *See Reilly v. Blue Cross and Blue Shield United of Wisconsin*, 846 F.2d 416, 426 (7th Cir. 1988) (state law claim for "bad faith" was preempted by remedial provisions of ERISA). Defendants further argue that insertion of "bad faith" into a claim for attorneys' fees interjects a punitive issue where compensatory, not punitive damages are sought. Plaintiff Westerheide clarifies that mentioning "bad faith" in the claim for attorneys' fees is not for the purpose of interjecting a state law claim. Rather, Westerheide references "bad faith" because that is a recognized factor relevant to an award of attorneys' fees. *See Gleich v. Wachovia Securities*, 35 EBC 1113 (E.D. Vir. 2005).

Recently, the Court of Appeals for the Seventh Circuit stated:

> A district judge need not find that the party ordered to pay fees has engaged in harassment or otherwise litigated in bad faith. Language in some appellate opinions declaring "bad faith" vital to an award under § 1132(g)(1) did not survive *Hardt* [*v. Reliance Standard Life Insurance Co.,* __U.S.__, 130 S.Ct. 2149 (2010)]. (Whether other approaches, such as *Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820 (7th Cir.1984), which analogized § 1132(g)(1) to the Equal Access to Justice Act, survived *Hardt,* is yet another issue we can avoid until the answer matters.)

*Loomis v. Exelon Corp.*, 2011 WL 3890453, *7 (7th Cir. Sept. 6, 2011). Therefore, the reference to "bad faith" is surplusage. This Court concludes that ordering the reference to "bad faith" would require an unacceptable cost of time, in that a second amended complaint would have to be filed. Therefore, Defendants' motion to strike is denied with respect to the reference to "bad faith."

## II. Conclusion

For the reasons stated, Defendants' Motion to Dismiss and Motion to Strike (Doc. 16) is **GRANTED IN PART AND DENIED IN PART**:

1. Defendants' motion to dismiss Defendant Cannon Design, Inc., as a defendant to this action is **GRANTED**, without prejudice;

2. Defendants' motion to dismiss the prayer in Count II for *de novo* review as a form of equitable relief is **GRANTED**, with prejudice;

3. Defendants' motion to strike portions of the First Amended Complaint is **DENIED**; and

4. Defendants' motion is **DENIED** in all other respects.

Count I, II and III shall otherwise proceed against Defendants Group Short Term Disability, Long Term Disability, Basic Term Life, Supplemental Dependent Life, Supplemental Term Life, Basic Accidental Death and Dismemberment Plan for Employees of Cannon Design, Inc. ("the plan"), and Hartford Life Insurance Company ("Hartford"). The dismissal of Defendant

9

Cannon Design, Inc., will be included in the final judgment after all claims against all defendants are resolved.

The Clerk of Court is hereby **DIRECTED** to have the docket properly reflect the name of the plan, as reflected in the caption of this Order. Currently, the docket mistakenly indicates that the plan is six separate defendants– no doubt due to the confusing and long name of the plan.

**IT IS SO ORDERED.**

DATED: September 20, 2011

                                                s/ *Michael J. Reagan*
                                              **MICHAEL J. REAGAN**
                                              **UNITED STATES DISTRICT JUDGE**