**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RITA WESTERHEIDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-cv-471-MJR-PMF |
| | ) | |
| HARTFORD LIFE INSURANCE CO., | ) | |
| and GROUP SHORT TERM | ) | |
| DISABILITY, LONG TERM | ) | |
| DISABILITY, BASIC TERM LIFE, | ) | |
| SUPPLEMENTAL DEPENDENT LIFE, | ) | |
| SUPPLEMENTAL TERM LIFE, BASIC | ) | |
| ACCIDENTAL DEATH AND | ) | |
| DISMEMBERMENT PLAN FOR | ) | |
| EMPLOYEES OF CANNON DESIGN, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Pursuant to 28 U.S.S. 636(b)(1)(A), Plaintiff Rita Westerheide is before the Court appealing the April 12, 2011, Order of U.S. Magistrate Judge Philip M. Frazier, limiting the evidence in this action to the administrative record, and striking Plaintiff's designation of Dr. Charles Robacker as an expert witness (Doc. 30).

**1. Procedural History**

Plaintiff Rita Westerheide brings suit pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and 29 U.S.C. § 1132(a)(1)(B), against the Group Short Term Disability, Long Term Disability, Basic Term Life, Supplemental Dependent Life, Supplemental Term Life, Basic Accidental Death and Dismemberment Plan for

1

Employees of Cannon Design, Inc. ("the plan"), and Hartford Life Insurance Company ("Hartford"), the administrator of the plan. In August 2008, Plaintiff Westerheide applied for and received long term disability benefits under the long term disability plan, but in May 2009 Westerheide was advised that her benefits were terminated, based on new information obtained from one of Westerheide's treating physicians. Westerheide's administrative appeal was unsuccessful.

The First Amended Complaint (Doc. 11) asserts three claims, each against both of the defendants: (I) seeking payment of long term disability benefits past due and for a declaration of his right to future benefits under the terms of the plan, pursuant to 29 U.S.C. § 1132(a)(1)(B); (II) alleging a violation of the plan's claims procedures by way of a violation of the privacy protections of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), warranting equitable relief pursuant to 29 U.S.C. § 1132(a)(3)(B); and (III) seeking attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1).

By Order dated September 20, 2011, the Court dismissed Plaintiff Westerheide's prayer in Count II for *de novo* review as a form of equitable relief (Doc. 53).

## 2. Analysis

In accordance with 28 U.S.C. 6363(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district judge may set aside a magistrate judge's ruling on a non-dispositive motion if the ruling is clearly erroneous or contrary to law. *See Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 760 (7th Cir. 2009). Under the clear error standard, a finding will only be overturned if the reviewing court is left with the definite and firm conviction that a mistake has been made. *See Rexam Beverage Can Co. v. Bolger*, 620 F.3d 718, 728 (7th Cir. 2010) (citing *Econ. Folding*

*Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 720 (7th Cir. 2008).

### A. Evidence Outside of the Administrative Record

An ERISA plan administrator's denial of benefits is reviewed *de novo* unless the plan gives the administrator discretionary authority to determine eligibility for benefits, in which case the denial is reviewed under the arbitrary and capricious standard. *Jackman Financial Corp. v. Humana Ins. Co.*, 641 F.3d 860, 864 (7th Cir. 2011).

Judge Frazier observed that resolution of the parties' discovery disputes required him to speculate as to the proper scope of review for this ERISA case, which was beyond his prerogative. Although he was aware of Plaintiff's argument for applying the *de novo* standard of review, Judge Frazier concluded that the arbitrary and capricious standard of review was appropriate, which would limit the evidence to the administrative record—in effect, precluding discovery. Plaintiff Westerheide appeals that ruling, asserting that it is clearly erroneous and contrary to law.

Plaintiff Westerheide's appeal was filed and briefed by the parties prior to the Court's ruling on the motion to dismiss Plaintiff's prayer to apply the *de novo* standard of review. Plaintiff's arguments mirror those analyzed and rejected by the Court in its September 20, 2011, Order (Doc. 53), so little additional discussion is necessary, except with respect to whether discovery outside the administrative record is appropriate.

A review of the plan reveals that the administrator, Hartford Life Insurance Company, is granted discretionary authority to determine eligibility for benefits:

> The Plan has designated and named the Insurance Company as the claims fiduciary for benefits provided under the Policy. The Plan has granted the Insurance Company full discretion and authority to determine eligibility for

benefits and to construe and interpret all terms and provisions of the Policy. Doc. 23-1, p. 26 (Policy, p. 98). That fact is not disputed. Therefore, the arbitrary and capricious standard of review is appropriate in this action. Accordingly, the administrator's decision will be upheld if:

> (1) it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, (2) the decision is based on a reasonable explanation of relevant plan documents, or (3) the administrator has based its decision on a consideration of the relevant factors that encompass the important aspects of the problem.

*Williams v. Aetna Life Ins. Co.,* 509 F.3d 317, 321–322 (7th Cir. 2007)); *Ponsetti v. GE Pension Plan,* 614 F.3d 684, 691 (7th Cir. 2010); *Burns v. Orthotek, Inc. Employees' Pension Plan and Trust,* __F.3d __, 2011 WL 4089798, *2 (7th Cir. Sept. 15, 2011).

In *Semien v. Life Insurance Co. of North America*, 436 F.3d 805 (7th Cir. 2006), the Court of Appeals for the Seventh Circuit held that, although discovery is normally disfavored in the ERISA context, "limited discovery" is permissible in "exceptional circumstances," such as fraud or bad faith, or when the administrator's impartiality can be fairly questioned—provided "a prima facie showing of misconduct or bias is made, or a claimant demonstrates a good faith basis to believe that limited discovery will produce such evidence…." *Semien*, 436 F.3d at 812-816. However, the Supreme Court subsequently stated in *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008), relative to the discretionary decisionmaking of an administrator with a conflict of interest, that the standard of review does not switch from deferential to *de novo*; rather, the conflict should be taken into account when determining whether the administrator abused his discretion. 554 U.S. at 114-117. The Supreme Court further stated:

> Neither do we believe it necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules,

4

> focused narrowly upon the evaluator/payor conflict. In principle, as we have said, conflicts are but one factor among many that a reviewing judge must take into account. Benefits decisions arise in too many contexts, concern too many circumstances, and can relate in too many different ways to conflicts-which themselves vary in kind and in degree of seriousness-for us to come up with a one-size-fits-all procedural system that is likely to promote fair and accurate review. Indeed, special procedural rules would create further complexity, adding time and expense to a process that may already be too costly for many of those who seek redress.

*Glenn*, 554 U.S. at 116-117.

Although the Supreme Court did not specifically address discovery in *Glenn*, the high court's comments are clear and appear to abrogate *Semien* relative to permitting limited discovery in exceptional circumstances. The Seventh Circuit has not addressed the impact of *Glenn* on *Semien*; however, the appellate court has succinctly stated: "When review is deferential-when the plan's decision must be sustained unless arbitrary and capricious- *then* review is limited to the administrative record." *Krolnik v. Prudential Ins. Co. of America*, 570 F.3d 841, 843 (7th Cir. 2009). Deferential review "is limited to the reasons given by the plan administrator and does not extend to reweighing evidence." *Speciale v. Blue Cross and Blue Shield Association*, 538 F.3d 615, 623 (7th Cir. 2008). Accordingly, this Court will not complicate the deferential review of the benefits decision in this action by permitting additional discovery beyond the administrative record. 1

---

1 Plaintiff relies primarily upon *Hall v. Unum Life Insurance Co. of America*, 300 F.3d 1197 (10th Cir. 2002), and several other cases from outside the Seventh Circuit. Plaintiff mistakenly describes *Hall* as a Seventh Circuit case, and fails to note that it is a pre-*Glenn* case. Furthermore, although *Hall* does provide a precedent for the admission of extrarecord evidence, the *de novo* standard of review was applicable in that case. Plaintiff has not cited any controlling precedents that support his position.

### B. Dr. Charles Robacker

In accordance with his ruling that discovery shall be limited to the administrative record, Judge Frazier also struck Plaintiff Westerheide's designation of Dr. Charles Robacker as an expert witness. Judge Frazier did not specifically address Plaintiff's arguments for admission of additional evidence from Dr. Robacker within the parameters of the arbitrary and capricious standard of review.

Defendants denied Plaintiff Westerheide disability benefits based on, among other things, a consultative report by Dr. John Wrightson, who did not see Westerheide, but who relied upon facts as relayed during a phone call with Dr. Robacker (AR 0169). *See* Doc. 23-2, pp. 3-6; Doc. 32-3pp. 43-44; and 32-4, pp. 1-2. In relevant part, Dr. Wrightson's report indicated that Dr. Robacker stated that Westerheide demonstrated no objective physical findings, only subjective complaints of pain, yet Dr. Robacker diagnosed fibromyalgia. Plaintiff Westerheide argues that, even under the arbitrary and capricious standard, additional evidence from Dr. Robacker should be permitted because Dr. Wrightson's report is "of dubious and questionable authenticity, and only testimony from Dr. Robacker can make that clear" (Doc. 25, p. 2). "Plaintiff's attorney understands from conversations with Dr. Robacker that he denies that he did speak to Dr. Wrightson, so there is an issue whether this so-called administrative record is accurate. . ." (Doc. 25, p. 3). Most recently, Plaintiff has asserted a belief that, at a minimum, Dr. Robacker will testify that "he does not *recall* that he did speak with Dr. Wrightson regarding the plaintiff's disability" (Doc. 40, p. 1 (emphasis added)).

Under the arbitrary and capricious standard of review, this Court "'will not substitute the conclusion it would have reached for the decision of the administrator, as long as the administrator makes an informed judgment and articulates an explanation for it that is satisfactory

in light of the relevant facts.'" *Mote v. Aetna Life Insurance Co.*, 502 F.3d 601, 606 (7th Cir. 2007) (quoting *Herman v. Central States, Southeast and Southwest Areas Pension Fund*, 423 F.3d 684, 692 (7th Cir. 2005)). For example, when medical opinions differ as to whether a condition is disabling, the Court must defer to the plan administrator's choice, so long as that choice is rationally supported by record evidence. *Black v. Long Term Disability*, 582 F.3d 738, 746 (7th Cir. 2009). The administrative record need not be reopened to accept additional evidence even if the evidence is offered to show a reviewing doctor's bias; similarly, the district court need not consider such evidence. *Majeski v. Metropolitan Life Insurance Co.*, 590 F.3d 478, 483 (7th Cir. 2009). The Court must focus on the evidence before the administrator at the time of the final decision. *Brown v. Retirement Committee of Briggs & Stratton Retirement Plan*, 797 F.2d 521, 532 (7th Cir. 1986). Whether Dr. Robacker "recalls" speaking to Dr. Wrightson is irrelevant to this Court's review and is a specious argument for why additional evidence is warranted.

Plaintiff Westerheide intimates that the plan administrator's reliance on the information conveyed by Dr. Wrightson was misplaced; however, the "full and fair" administrative review mandated by 29 C.F.R. § 2560.503-1 "does not necessarily require a trial-like atmosphere complete with attorneys to challenge offered evidence and legally trained hearing officers to rule on evidentiary questions." *Brown*, 797 F.2d at 534 (internal quotation marks and citations omitted). The claimant must know what the decisionmaker relied upon, and have an opportunity to address the accuracy and reliability of that evidence. *Id.* Plaintiff's stated reasons for why additional evidence should be taken from Dr. Robacker do not touch upon those factors, or reasonably suggest a denial of due process—even if *Semien* were controlling.

### 3. Conclusion

For the reasons stated, Plaintiff Westerheide's appeal of Magistrate Judge Frazier's April 12, 2011, Order (Doc. 30) is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATED: October 18, 2011**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**