## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RITA WESTERHEIDE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 10-cv-471-MJR-PMF** |
| | ) | |
| HARTFORD LIFE INSURANCE CO., | ) | |
| andGROUP SHORT TERM | ) | |
| DISABILITY, LONG TERM | ) | |
| DISABILITY, BASIC TERM LIFE, | ) | |
| SUPPLEMENTAL DEPENDENT LIFE, | ) | |
| SUPPLEMENTAL TERM LIFE, BASIC | ) | |
| ACCIDENTAL DEATH AND | ) | |
| DISMEMBERMENT PLAN FOR | ) | |
| EMPLOYEES OF CANNON DESIGN, | ) | |
| INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Pursuant to 28 U.S.S. 636(b)(1)(A), Plaintiff Rita Westerheide is before the Court appealing the May 6, 2011, Order of U.S. Magistrate Judge Philip M. Frazier, which denied Westerheide's motion to exclude the report of Dr. Wrightson (AR pp. 168-172) from the administrative record (Doc. 41). The parties have fully briefed the dispute (Docs 42, 43 and 50).

### 1.  Procedural History

Plaintiff Rita Westerheide brings suit pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and 29 U.S.C. § 1132(a)(1)(B), against the Group Short Term Disability, Long Term Disability, Basic Term Life, Supplemental Dependent Life, Supplemental Term Life, Basic Accidental Death and Dismemberment Plan for Employees of Cannon Design, Inc. ("the plan"), and Hartford Life Insurance Company

1

("Hartford"), the administrator of the plan.  In August 2008, Plaintiff Westerheide applied for and received long term disability benefits under the long term disability plan, but in May 2009 Westerheide was advised that her benefits were terminated, based on, among other factors, new information obtained from one of Westerheide's treating physicians. Westerheide's administrative appeal was unsuccessful.

The First Amended Complaint (Doc. 11) asserts three claims, each against both of the defendants: (I) seeking payment of long term disability benefits past due and for a declaration of her right to future benefits under the terms of the plan, pursuant to 29 U.S.C. § 1132(a)(1)(B); (II) alleging a violation of the plan's claims procedures by way of a violation of the privacy protections of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), warranting equitable relief pursuant to 29 U.S.C. § 1132(a)(3)(B); and (III) seeking attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1).

By Order dated September 20, 2011, the Court dismissed Plaintiff Westerheide's prayer in Count II for *de novo* review as a form of equitable relief (Doc. 53). The Court subsequently affirmed Magistrate Judge Frazier's Order striking Plaintiff's designation of Dr. Charles Robacker as an expert witness, effectively limiting discovery to the administrative record (Doc. 64).

## 2.   Analysis

Plaintiff Westerheide's Motion to Exclude Evidence and Bar Report presents the following issue:

> Defendants base their denial of Plaintiff's disability on a report by a Dr. John Wrightson who did not see Plaintiff, but issued a report that said he relied on facts as relayed by a phone call with Dr. Charles Robacker. Plaintiff did not consent to this alleged ex parte contact by Dr. Wrightson. Defendant contends various authorizations allow this ex parte contact, but

those authorizations allow this ex parte contact. As a result of this ex parte contact, there was a violation of the *Petrillo* doctrine[1] which requires . . . exclusion [of Dr. Wrightson's report].

Doc. 27, pp. 1-2 (numbered paragraphs omitted).

By Order dated May 6, 2011, Magistrate Judge Frazier denied Plaintiff's motion (Doc. 39). It was noted that Plaintiff Westerheide relied exclusively on the state law doctor-patient privilege (Doc. 39, p. 1). Citing *Patterson v. Caterpillar, Inc.*, 70 F.3d 503 (7th Cr. 1995), Judge Frazier reasoned that, because this case is based on federal question jurisdiction, in accordance with Federal Rule of Evidence 501, federal common law applies, which does not recognize a physician-patient privilege. In keeping with *Northwestern Memorial Hospital v. Ashcroft*[2], 362 F.3d 923 (7th Cir. 2004), Judge Frazier also explained that the Health Insurance Portability and Accountability Act (HIPAA) did not create such a privilege, either.

In accordance with 28 U.S.C. 6363(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district judge may set aside a magistrate judge's ruling on a non-dispositive motion if the ruling is clearly erroneous or contrary to law. *See Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 760 (7th Cir. 2009). Under the clear error standard, a finding will only be overturned if the reviewing court is left with the definite and firm conviction that a mistake has been made. *See Rexam Beverage Can Co. v. Bolger*, 620 F.3d 718, 728 (7th Cir. 2010) (citing *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 720 (7th Cir. 2008).

---

[1] The so-called *Petrillo* doctrine stems from *Petrillo v. Syntex Labs., Inc.,* 499 N.E.2d 952 (Ill.App.1st Dist. 1986), which, based on the state law physician-patient privilege, holds that ex parte communication between defense counsel and plaintiff's treating physician about the plaintiff's medical condition can only occur with the consent of the plaintiff.

[2] *Northwestern Memorial Hospital v. Ashcroft2*, 362 F.3d 923 (7th Cir. 2004), is premised upon *Jaffee v. Redmond*, 518 U.S. 1 (1996), which recognized a psychotherapist privilege, and which has since been used as authority for the creation of new common law privileges.

Plaintiff Westerheide argues that *Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923 (7th Cir. 2004), recognizes both a federal common law physician-patient privilege *and* suggests that HIPAA can be used to strike Dr. Wrightson's report.   Plaintiff further argues that the authorizations she executed did not satisfy the HIPAA notice requirement (45 C.F.R. § 164.512(e)(1)(ii)(A)), nor did those forms specifically authorize ex parte communications with her treating physician, Dr. Robacker.

Defendants do not share Westerheide's interpretation of *Northwestern Memorial Hospital v. Ashcroft*, and they contend that HIPAA is not even applicable; regardless, Defendants rest on the authorizations executed by Plaintiff Westerheide.   Defendants also argue that Plaintiff's attempt to alter the administrative record at this juncture is contrary to the arbitrary and capricious standard of review.   Plaintiff Westerheide counters that the authorizations she executed were self-described as being intended to comply with HIPAA, so it is nonsensical for Defendants to assert that HIPAA is inapplicable, particularly since the insurance policy at issue provided both disability insurance benefits and healthcare management.

As a preliminary matter, the Court notes that Plaintiff's motion to strike Dr. Wrightson's report was premised solely upon the *Petrillo* doctrine, and includes a single reference to HIPAA (*see* Docs. 27 and 28), so it is now inappropriate to attempt to present new bases for striking Dr. Wrightson's report.   However, consistent with the standard of review on appeal, the Court will analyze whether Judge Frazier's reliance upon *Northwestern Memorial Hospital v. Ashcroft* and HIPAA was clearly erroneous or contrary to law.

Plaintiff does not actually dispute that, pursuant to Federal Rule of Evidence 501 and *Patterson v. Caterpillar, Inc.*, 70 F.3d 503, 506 (7th Cr. 1995), federal common law, not state law, dictates the privilege of a witness. Therefore, the *Petrillo* doctrine was properly rejected.

4

*Patterson v. Caterpillar*, a 1995 case, states: "federal common law does not recognize a physician-patient privilege." 70 F.3d at 706 (citing *Whalen v. Roe*, 429 U.S. 589, 602 n. 28 (1977); *United States v. Bercier*, 848 F.2d 917, 920 (8th Cir. 1988)).   Judge Frazier also cited *Northwestern Memorial Hospital v. Ashcroft*, a 2004 case involving a subpoena for medical records, in which the Court of Appeals for the Seventh Circuit stated:   "Although the issue is not free from doubt, we agree . . . that the HIPAA regulations do not impose state evidentiary privileges on suits to enforce federal law."   362 F.3d at 925.   After first recognizing that Northwestern Memorial Hospital was a "covered entity" under HIPAA, the appellate court went on to explain that 45 C.F.R. § 164.512(e) only creates a procedure for obtaining medical records in litigation; it is not an Act of Congress to create a privilege.   362 F.3d at 925-926.   That statement only reinforces the conclusion that the *Petrillo* doctrine cannot be used to interject the Illinois physician-patient privilege into this case.   Moreover, Defendants correctly observe that HIPAA does not pertain to disability income insurance (42 U.S.C. § 300gg-91(c)(1)(A); *Parker v. Metropolitan Life Insurance Co., 121* F.3d 1006, 1018 (6th Cir. 1997); *Rogers v. Department of Health and Environmental Control,* 174 F.3d 431, 436 (4th Cir. 1999).[3]

In *Northwestern Memorial Hospital v. Ashcroft,* the appellate court also rejected an alternate basis for quashing the subpoena for medical records premised upon the district court's crafting a new federal common law privilege or abortion records.   Although the appellate court recognized that *Jaffee v. Redmond*, 518 U.S. 1 (1996), and Federal Rule of Evidence 501,

---

[3] Plaintiff, without citing legal precedent or even identifying the relevant policy provisions, asserts that the long term disability policy at issue includes healthcare management, thereby transforming Defendant Hartford into a HIPAA covered entity.   This Court declines to adopt that novel construction, which was never presented to Judge Frazier. Plaintiff's assertion that HIPAA must be applicable because the forms authorizing the release of health information/records that Plaintiff executed (AR pp. 0581 and 0604) state that the forms were intended to comply with HIPAA is also rejected.   Plaintiff ignores that the same authorization forms state that Plaintiff is acknowledging that HIPAA is inapplicable.

authorize the creation of new common law privileges, it <u>declined</u> to recognize the medical records privilege.  362 F.3d at 926. The appellate court ultimately quashed the subpoena based on a different ground, finding that the probative value of the records sought had not been sufficiently established.  362 F.3d at 927-932.  Thus, it was not clearly erroneous or contrary to law for Judge Frazier to not recognize or craft anew a physician-patient or medical records privilege.

Lastly, the Court observes that, although the authorizations Plaintiff Westerheide executed do not specifically refer to ex parte communications with her treating physicians, they are so broad as to encompass such contacts—referring to "Any physician" disclosing "any and all health information" (AR p. 0581; *see also* p. 0604), and "information, records or documents" (AR p. 0580; *see also* p. 0605).  Whether these authorization forms provide sufficient notice for purposes of 45 C.F.R. § 164.512(e) is irrelevant, because, as explained above, HIPAA is inapplicable.

### 3.   Conclusion

For the reasons stated, Plaintiff Westerheide's appeal of Magistrate Judge Frazier's May 6, 2011, Order (Doc. 39) is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATED:   October 27, 2011**

<u>s/ *Michael J. Reagan*</u>
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**

6