IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RITA WESTERHEIDE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )    Case No. 10-cv-471-MJR-PMF |
| | ) |
| **HARTFORD LIFE INSURANCE CO.,** | ) |
| **andGROUP SHORT TERM** | ) |
| **DISABILITY, LONG TERM** | ) |
| **DISABILITY, BASIC TERM LIFE,** | ) |
| **SUPPLEMENTAL DEPENDENT LIFE,** | ) |
| **SUPPLEMENTAL TERM LIFE, BASIC** | ) |
| **ACCIDENTAL DEATH AND** | ) |
| **DISMEMBERMENT PLAN FOR** | ) |
| **EMPLOYEES OF CANNON DESIGN,** | ) |
| **INC.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

**REAGAN, District Judge:**

Defendants Hartford Life Insurance Company, and Group Short Term Disability, Long Term Disability, Basic Term Life, Supplemental Dependent Life, Supplemental Term Life, Basic Accidental Death and Dismemberment Plan for Employees of Cannon Design, Inc., are before the Court moving to strike the jury demand contained in Plaintiff Rita Westerheide's First Amended Complaint (Doc. 55).  Plaintiff Rita Westerheide did not filed a response to the motion, but in another filing Plaintiff stated:  "Plaintiff is not in a position to provide any contrary authority to this court on the issue of whether or not there is a jury trial . . . ." Doc. 56, p. 1.

Plaintiff Westerheide brings suit pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and 29 U.S.C. § 1132(a)(1)(B), against the Defendants after her long term disability benefits were terminated, and after her administrative

1

appeal was unsuccessful.  The First Amended Complaint (Doc. 11) asserts three claims, each against both of the defendants: (I) seeking payment of long term disability benefits past due and for a declaration of her right to future benefits under the terms of the plan, pursuant to 29 U.S.C. § 1132(a)(1)(B); (II) alleging a violation of the plan's claims procedures by way of a violation of the privacy protections of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), warranting equitable relief pursuant to 29 U.S.C. § 1132(a)(3)(B); and (III) seeking attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1).

Defendants observe that by Order dated September 20, 2011, the Court dismissed the prayer for equitable relief in Count II (Doc. 53).  That prayer for equitable relief based on a perceived HIPAA violation was, apparently, the sole basis for a jury demand, as there is no right to a jury trial for ERISA claims under 29 U.S.C. § 1132(a) (Section 502(a) of the Act).  *Patton v. MFS/Sun Life Financial Distributors, Inc.*, 480 F.3d 478, 484 (7th Cir. 2007); *McDougall v. Pioneer Ranch Limited Partnership*, 494 F.3d 571, 576 (7th Cir. 2007).  Therefore, Defendants' unopposed motion to strike the jury demand (Doc. 55) is **GRANTED**.

The Clerk of Court is hereby **DIRECTED** to have the record reflect that the jury demand has been stricken.

**IT IS SO ORDERED.**

**DATED:   October 31, 2011**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**